IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHERYL STRUBLE, ET AL.**                                                      **PLAINTIFF(S)**

**VERSUS**                                                                                       **NO. 1:04cv814-JMR**

**HERMAN FOUNTAIN, ET AL.**                                                   **DEFENDANT(S)**

## MEMORANDUM OPINION

This matter is before the Court on Defendants' Motion [45-1] for Summary Judgment, which is accompanied by a Memorandum [48-1] in Support, and Defendants' Motion [46-1] for Severance, which is also accompanied by a Memorandum [47-1] in Support. The Plaintiff filed two Responses [53-1] and [52-1] addressing Defendants' Motions. The Court, being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds the Defendants' Motions [45-1] and [46-1] should be denied.

## STATEMENT OF CASE

This case involves various claims, including alleged physical abuse, at the Bethel Boys Academy ("BBA"). The claims include ones for fraud, breach of contract, false imprisonment, failure to pay minimum wage for work performed, inadequate medical care and emotional distress. The BBA served as a boarding school for troubled youth from across the region and it characterizes itself as a "Christian Military Boot Camp." Although many of the youths objected to being placed at the BBA, they were voluntarily placed in the facility by their parents who are charged a fee for tuition. The program offered by the BBA runs for a minimum of twelve months for each cadet. In the spring of 2003, allegations of abuse were made against the BBA. The Mississippi Attorney General's Office investigated the claims with the aid of the Mississippi Department of Human Services. A lawsuit was filed by the State of Mississippi, but the school was allowed to remain open

following the entry of a decree by the Chancery Court of George County.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97 (5th Cir. 1987). "The requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In other words, "[o]nly disputes over the facts that might effect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Furthermore, it is well settled in this circuit that "[b]are bones allegations are insufficient to withstand summary judgment because the opposing party must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (*quoting Nicholas Acoustics Specialty Co. v. H & M Constr. Co.*, 695 F.2d 839, 845 (5th Cir. 1983)).

In considering a motion for summary judgment, the trial court views the evidence in the light most favorable to the party resisting the motion. *See Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986). To survive summary judgment, the non-movant must demonstrate the existence of a disputed issue of material fact. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986). To avoid the entry of summary judgment, the non-moving party must bring forth significant probative evidence demonstrating the existence of a triable issue of fact. *See Howard*, 783 F.2d at 1315.

## ANALYSIS

The Defendants maintain that the claims in the instant Complaint [1-1] are barred by the doctrines of *res judicata* and collateral estoppel. Collateral estoppel encompasses three elements: (1) the issue at stake must be identical to that involved in a prior action; (2) the issue must have been actually litigated in the prior action; and (3) determination of the issue in the prior action must have been a necessary part of the judgment entered in the previous action. *Stripling v. Jordan Production Co., LLC*. 234 F.3d 863, 868 (5th Cir. 2000). The Defendants maintain that most, if not all, of the Plaintiff's claims have been precluded by the actions of the Mississippi Chancery Court. As previously noted, the Mississippi Attorney General, in concert with the Mississippi Department of Human Services, brought an action against the BBA and others alleging abuse, neglect, and various other causes of action. The Defendants maintain that not only are the children in the action brought by the State of Mississippi the same children in the instant case, but the same allegations are being re-litigated herein. Thus, the Defendants argue that the Plaintiffs' claims are barred by collateral estoppel.

The doctrine of *res judicata* applies when the following elements are present: (1) identical parties, (2) jurisdiction for the prior judgment, (3) a final judgment on the merits, and (4) the same cause of action. *Russell v. SunAmerica Sec., Inc* ., 962 F.2d 1169 (5th Cir. 1992). The Plaintiffs maintain that elements (1) and (4) are lacking. The Plaintiffs argue that the Defendants produce no shred of evidence which would suggest that the State of Mississippi is the same party as the natural persons who have brought this cause of action. The Plaintiffs point out that none of the current Plaintiffs are even citizens of the state of Mississippi. The Plaintiffs further argue that the Defendants offer nothing but bald claims that even suggest that the Plaintiffs might have even been aware of the lawsuit filed by the State.

The Court finds that the parties are not identical because the caption of the George County Chancery Case No. 2003-326, includes only the "State of Mississippi" as Plaintiff. The State of Mississippi, not the individual children, brought the previous action seeking a preliminary injunction as well as seeking other injunctive relief after conducting an investigation into the BBA. Thus, the Court finds that the Plaintiffs' claims are not barred by the doctrine of *res judicata*. Furthermore, the chancery court decree outlined how the BBA was to be run with specific provisions relating to discipline, training, upkeep of facilities, abuse and neglect, health care, and education. *See* Decree, attached as Exhibit "B" to Defendants' Memorandum [48-1] in Support. The decree did not address any personal claims by the children which are part of the present cause of action. *Id*. These claims were never entertained or decided by the chancery court. Thus, the Court does not find that the doctrine of collateral estoppel applies to the claims alleged in Plaintiffs' Complaint [1-1]. Accordingly, Defendants should be denied summary judgment in regards to the doctrines of *res judicata* and collateral estoppel.

The Defendant next argues that the Plaintiff have failed to produce any evidence to support their claim for punitive damages. Mississippi law does not favor punitive damages; they are considered an extraordinary remedy and are allowed only with caution and within narrow limits. *See Mississippi Power & Light v. Cook*, 832 So.2d 474 (Miss. 2002). Punitive damages are only appropriate in the most egregious cases so as to discourage similar conduct and should be awarded only in cases where the actions are extreme. The Plaintiffs' claims include those of being forced to urinate and defecate on themselves, being forced to hold onto electric fences as punishment, simulated drowning, starvation and sleep deprivation. The Defendant argues that no evidence of actual damages exist and that Plaintiff cannot prove the existence of such damages. Other than

making this bare assertion, the Defendants offer no other evidence in support of their claim that punitive damages are not warranted in the instant case. These assertions, without more, do not entitle the Defendants to summary judgment on this issue. At trial, the Court will hear the evidence and determine whether the jury will be entitled to consider punitive damages.

The Defendants also argue that they are entitled to summary judgment on Plaintiffs' claims regarding the alleged failure to pay minimum wage, inadequate medical care, false imprisonment, fraud, breach of fiduciary duties, assault and intentional infliction of emotional distress. Again, other than making bare assertions, the Defendants offer no other evidence in support of their claims that they are entitled to summary judgment. Accordingly, the Court finds that Defendants are not entitled to summary judgment as it relates to Plaintiffs remaining claims.

Also before this Court is Defendants' Motion [46-1] for Severance, which is accompanied by a Memorandum [47-1] in Support. The Defendants argue that the claims of the Plaintiffs should be severed because the requirements for permissive joinder are not satisfied. Federal Rule of Civil Procedure 20 provides in pertinent part that persons may join in one action as plaintiffs if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. Rule Civ. Pro. 20(a)(1)(A) and (B).

The Defendant argues that rule 20 cannot be satisfied because each Plaintiff describes actions unrelated and different from each other in the Complaint [1-1]. The Defendant maintains that each Plaintiff must prove causation and the finder of fact must make a separate, particularized inquiry into each Plaintiffs' claim to determine whether the alleged injuries were caused by the Defendants or some other factor. The Defendant argues that what is required to substantiate causation is vastly

different for each Plaintiff.

The Plaintiffs counter, arguing that severance of all the claims in the instant case would work a serious hardship on the Plaintiffs and on the Court. The Plaintiffs point out that in many cases, several Plaintiffs were involved in a single incident of abuse, or at least were witnesses thereto. The Plaintiff's maintain that no one can reasonably deny that there are common questions of law and fact, or that the action arises out of a series of related transactions or occurrences. The Plaintiffs assert that there are only a few types of claims, and although there is some variation, all the Plaintiffs present questions of law and fact common to those raised by other the Plaintiffs.

The Court finds that the claims presented by all the Plaintiffs arise out of the same transaction or occurrence and that questions of law or fact common to all Plaintiffs will arise in the action. The Plaintiffs' claims for fraud, breach of contract, false imprisonment, failure to pay minimum wage for work performed, physical abuse, inadequate medical care and emotional distress all arise from the alleged abuses suffered by the Plaintiffs while attending the BBA. Thus, the Court finds that joinder of all the Plaintiffs is proper under Federal Rule Civil Procedure 20. Additionally, the Court does not find that the need for convenience, the avoidance of prejudice, or the expedition and economical interests of the Court would be served by ordering separate trials. Thus, the Court finds that separate trials, pursuant to Rule 42(b), are not necessary. Accordingly, the Defendants' Motion [46-1] for Severance should be denied.

## **CONCLUSION**

Based on the forgoing analysis, this Court is of the opinion that the Defendants' Motion [45-1] for Summary Judgment and Defendants' Motion [46-1] for Severance should be denied.

This the __14th__ day of May, 2008.

                                                                        s/John M.. Roper
                                       CHIEF UNITED STATES MAGISTRATE JUDGE